**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| **Barbara Hickey**, | ) | |
| | ) | |
| Plaintiff, | ) | Docket No.: 4:10-2696-TWL-TER |
| v. | ) | |
| | ) | |
| **Emma Forkner**, In Her Official Capacity as the Director of the South Carolina Department of Health and Human Services; and **Beverly Buscemi**, in Her Official Capacity as the Director of the South Carolina Department of Disabilities and Special Needs, | ) ) ) ) ) ) ) | **CONSENT ORDER OF DISMISSAL** |
| | ) | |
| Defendants. | ) | |
| | ) | |

The instant case involves claims under the Americans with Disabilities Act of 1990 (ADA), (42 U.S.C. § 12131) and Section 504 of the Rehabilitation Act of 1973 (Section 504), (29 U.S.C. § 794). As alleged in the Complaint, Plaintiff receives Medicaid services, including Personal Care Assistance ("PC II services") pursuant to the Medicaid MR/RD Waiver administered by Defendants. In her Complaint, Plaintiff alleged that on December 1, 2009, without any individualized inquiry into her condition, Defendants advised Plaintiff Hickey that her fifty (50) hours a week of PC II services were being cut to twenty-eight (28) hours per week due to Defendants' recent amendment to the MR/RD Waiver which capped PC II services for all non-institutionalized persons at twenty-eight (28) hours per week regardless of the extent of their disability or their personal circumstances. (Complaint ¶ 4) Plaintiff further alleged that the anticipated cut would place her at imminent risk of institutionalization in violation of the

1

aforementioned statutes.[1]  (Complaint ¶ 6)

On November 23, 2011, the parties herein filed a Consent Motion to Dismiss Based on Mootness representing the following facts, which are accepted and adopted herein:

1. On July 19, 2011 the South Carolina Administrative Law Court (ALC) in the case of *Barbara Hickey v. SC DHHS*, 10-ALJ-08-0656-AP issued a Final Order and Decision reversing the announced cut to Plaintiff, Barbara Hickey's, PC II hours on grounds that DHHS had treated the twenty-eight (28) hour per week cap, upon which the cut was based, as a "binding and enforceable rule without promulgating the cap as a regulation pursuant to the APA [SC Code Ann. §1-23-10 et seq.]." *Hickey*, page 8.

2. With the reversal of the announced cut, Plaintiff's approved PC II hours will remain at fifty (50) hours per week upon discontinuance of this lawsuit, subject to any future action by Defendants either promulgating the cap as a regulation in accordance with the ALC decision or making a future individualized determination, as provided by law, as to Plaintiff's continued medical need for this level of PC II services.

3. Defendants have no plans at present to promulgate the cap as a regulation.

4. The services provided to Plaintiff by Defendants do remain subject to annual assessments. Absent promulgation of a regulation, any future service level determinations will be based on whether Plaintiff continues to medically qualify for her current level of PC II services.

5. Defendants have no plans to conduct an assessment of Plaintiff's services for at least six (6) months.

---

[1] The reductions to Plaintiff's services have been stayed during the pendency of this case pursuant to both an appeal to the Administrative Law Court from the agency level (*Barbara Hickey v. SC DHHS*, 10-ALJ-08-0656-AP) and the Honorable Judge Wooten's May 5, 2011 Order to stay the Plaintiff's benefits in the present action that was granted pursuant to the parties Joint Motion for a Consent Order to Maintain Medicaid Services *Pendente Lite*.

It is therefore ORDERED, as stipulated by the parties, that the instant action is hereby dismissed, without prejudice, on grounds of mootness.

**IT IS SO ORDERED** this 20th day of December, 2011 at Florence, South Carolina.

          s/ Terry L. Wooten
          Terry L. Wooten
          United States District Judge